IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:15-CR-30 |
| v. | ) | |
| | ) | |
| ANTHONY WAYNE LIVELY, and | ) | (VARLAN / SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the parties' Joint Motion of the United States and the Defendant Anthony Wayne Lively for a Continuance [Doc. 183], filed on July 18, 2016, and referred to the undersigned. The parties ask to continue the July 26, 2016 trial of this case to August 16, 2016, to permit time for the Defendant to resolve issues involving his representation. In this regard, the Court observes that on December 3, 2015, it appointed Attorney Francis L. Lloyd, Jr., to represent Defendant Lively. On July 17, 2016, Mr. Lloyd filed a Motion of Counsel for the Defendant Anthony Wayne Lively for Leave to Withdraw [Doc. 182], asking for the appointment of substitute counsel due to a breakdown in trust and communication in the attorney-client relationship. The Court has set a hearing on Mr. Lloyd's motion to withdraw for Wednesday, July 20, 2016. The parties now seek a brief trial continuance in order to preserve a pending plea agreement and to suspend trial preparations while the issues relating to the Defendant's representation are considered and resolved. The

motion for a trial continuance relates that Mr. Lloyd has consulted with the Defendant, through a relative, and that the Defendant agrees with the need for a short trial continuance.

The Court finds the parties' joint motion for a brief trial continuance to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court begins by observing that it has previously declared [Doc. 42] this case to be complex for purposes of the Speedy Trial Act, due to the number of defendants in this and the related cases and the nature of the prosecution, including the voluminous discovery.[1] 18 U.S.C. § 3161(h)(7)(B)(ii). Defendant Lively and his attorney have asked the Court to review the attorney-client relationship due to problems with communication and trust, which are preventing them from going forward with either trial preparations or a plea agreement. This motion is presently pending before the Court. In the meanwhile, the parties seek a three-week continuance of the trial date to allow the issue of the Defendant's representation to be resolved. The instant motion relates that defense counsel "has communicated with the Defendant through the Defendant's brother about seeking a continuance in this case, and that the Defendant has authorized the filing of this motion" for a continuance. Based on this representation of counsel, the Court finds that the Defendant agrees with and is also requesting a short trial continuance.

The Court finds that the failure to grant the requested trial continuance would result in a miscarriage of justice, because it would force counsel to proceed with final trial preparations despite the current tenuous nature of the attorney-client relationship. 18 U.S.C. §

---

[1] The Government has previously informed the Court that discovery includes records from several pain clinics, five months of intercepted telephone conversations, and voluminous financial records.

3161(h)(7)(B)(i). Additionally, the failure to grant the requested trial continuance would leave the Defendant with the choice of going forward with trial preparations or plea negotiations with Mr. Lloyd, despite the current problems in their relationship, or forgoing certain plea opportunities and proceeding to trial without assisting counsel in the final trial preparations. Id. Accordingly, the Court finds that a short trial continuance furthers the ends of justice in this case.

Accordingly, the parties' joint motion to continue the July 26 trial date [**Doc. 183**] is **GRANTED**, and Defendant Lively's trial is reset to **August 16, 2016**. The Court also finds that all the time between the filing of Defendant Lively's motion to withdraw on July 17, 2016, and the new trial date of August 16, 2016, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to additional scheduling for Defendant Lively, the deadline for concluding plea negotiations is extended to **August 2, 2016**. The Court instructs the parties that all motions *in limine* relating to Defendant Lively must be filed no later than **August 1, 2016**. Special requests for jury instructions shall be submitted to the District Court no later than **August 5, 2016**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Joint Motion of the United States and the Defendant Anthony Wayne Lively for a Continuance [**Doc. 183**] is **GRANTED**;

(2) Defendant Lively's trial is reset to commence on **August 16, 2016**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(3) All time between the filing of Defendant Lively's motion to withdraw on **July 17, 2016**, and his new trial date of **August 16, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Defendant Lively's deadline for concluding plea negotiations is extended to **August 2, 2016**;

(5) Defendant Lively must file motions *in limine* no later than **August 1, 2016**; and

(6) Defendant Lively shall submit any special requests for jury instructions with appropriate citations to the District Court by **August 5, 2016**.

**IT IS SO ORDERED.**

ENTER:

　　s/ C. Clifford Shirley, Jr.
United States Magistrate Judge